UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 0:15-cv-62703-BB

ARNSTEIN & LEHR LLP,
an Illinois limited liability partnership,

    Plaintiff/Counter-Defendant,

v.

ETKIN & COMPANY,
INCORPORATED,
a Delaware corporation,

    Defendant/Counter-Plaintiff.
_____/

## DEFENDANT/COUNTER-PLAINTIFF ETKIN & COMPANY, INCORPORATED'S MOTION *IN LIMINE* TO LIMIT TESTIMONY OF ANDREW C. HALL, ESQ.

Etkin & Company, Inc. ("ECI"), hereby files its Motion *in Limine* to Limit Testimony of Andrew C. Hall, Esq. pursuant to the Federal Rules of Evidence and, in support thereof, states as follows:

### Background

Last week, Arnstein & Lehr LLP ("A&L") advised undersigned counsel that it intends to call Andrew C. Hall, Esq. ("Hall") as a witness at trial. Hall was the lead attorney who represented SBD LLC and SBD Trademark throughout the case of *Etkin & Company, Incorporated v. SBD, LLC, et al.,* Case No.: 1:11-cv-21321 (S.D. Fla.) (hereinafter referred to as the "underlying case"). A&L has estimated that Hall's direct and cross examination will last approximately 4 ½ hours during trial. A&L has not disclosed Hall as an expert witness and the deadline for disclosure of expert witnesses has passed.

In this Motion ECI requests that the Court enter an order *in limine* which limits Hall's testimony as follows: (1) Hall may not offer expert opinions or bolster or contradict testimony

offered by the experts testifying in this case; (2) Hall may not testify about the appropriate standard of care or breach thereof; and (3) Hall may not opine about the strength or weakness of legal arguments made by the parties in the underlying case.

## **Argument**

**I.    Hall may not offer any expert opinions or bolster or contradict testimony offered by experts testifying in this case.**

It is undisputed that Hall is a lay witness. Indeed, counsel for A&L has advised that Hall is not being called to testify as an expert witness. Neither A&L nor ECI have identified Hall as an expert witness in accordance with Rule 26 or the Court's Scheduling Order (ECF 15), Hall has not provided a written report, and Hall has not been deposed. Accordingly, Hall must testify in accordance with Rule 701, which governs lay witness testimony.

Under Rule 701, "[n]on-expert (or lay) witnesses may only testify to opinions or inferences 'which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[1] *U.S. v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (quoting Fed. R. Evid. 701)). Because Hall may only offer lay witness testimony, Hall's testimony will necessarily concern distinct matters that are different from the testimony offered by the designated experts in this case. Accordingly, Hall's testimony may not bolster or contradict the testimony by the designated experts in this case.

---

[1] Rule 702 provides that "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

## II.     As a lay witness, Hall may not testify about the standard of care or breach thereof.

Hall may not offer lay testimony regarding the standard of care or the breach thereof because such testimony would cross the line into the realm of expert opinion. It is well settled that expert testimony is necessary to establish "the appropriate standard of care (and breach thereof) unless the lawyer's lack of care and skill is so obvious that the trier of fact can resolve the issue as a matter of common knowledge." *Evans v. McDonald*, 313 F. App'x 256, 258 (11th Cir. 2009). Courts have found that in cases where a lawyer failed to file a notice of appearance or where a lawyer instructed clients not to answer interrogatories, even though the judge directed the clients to answer on penalty of dismissal, the lawyer's lack of care and skill was so obvious that expert testimony was unnecessary. *See Id. citing Anderson v. Steven R. Andrews, P.A.,* 692 So.2d 237, 242 (Fla. 1st DCA 1997); *Suritz v. Kelner,* 155 So.2d 831, 834 (Fla. 3d DCA 1963).

In this case, a pertinent issue is whether A&L breached the standard of care by failing to plead a de facto merger claim against SBD Holdings in the underlying case. De facto merger is a legal concept that is not within the common knowledge or understanding of the jury and A&L's alleged negligence in failing to pursue a de facto merger claim is, accordingly, not so obvious that the trier of fact can resolve the issue as a matter of common knowledge.  Rule 701 prohibits a lay witness from presenting testimony based on "technical" or "other specialized knowledge." *See* Fed. R. Evid. 701. Any testimony Hall would provide regarding the standard of care would inevitably be based on any specialized or technical knowledge he has by being a practicing attorney involved in the underlying case. *See Jackson v. United States*, 638 F. Supp. 2d 514, 527 (W.D.N.C. 2009) (attorneys' lay testimony is limited to those opinions which are not based on specialized knowledge within the scope of Rule 702; an attorney who is testifying as a lay witness may not

use information provided to him to offer an expert opinion regarding whether the trial attorneys rendered ineffective assistance of counsel).

Moreover, A&L concedes that the issue of whether A&L breached the standard of care is not so obvious to a lay person because A&L itself has presented an expert – Jesse Diner – to opine on the standard of care and whether A&L breached the standard of care by failing to plead a de facto merger claim against SBD Holdings. *See* ECF 129-48 (Notice of Service of Expert Disclosure), ECF 129- 49 (Notice of Service of Rebuttal Expert Disclosure). As such, although Hall represented SBD LLC and SBD Trademark in the underlying case and therefore has knowledge about the underlying case, as a lay witness Hall may not testify about the standard of care or whether A&L breached the standard of care.

In the Omnibus Order on Motion for Summary Judgment, Motion for Partial Summary Judgment, and Motion to Exclude Testimony (ECF 167), this Court ruled, *inter alia*, that a de facto merger claim was viable in the underlying case, "found the law unsettled as applied to the facts of this case," and stated that ECI's expert "may not testify otherwise, 'explain to the jury what the applicable legal standards are' for de facto merger or professional negligence, or opine that Arnstein performed negligently based solely on its decision to assert an automatic assignment theory." ECF 167 at p. 41. Since the Court has already ruled that an expert cannot testify as to those matters, it follows that Hall – who undisputedly is a lay witness – also may not testify as to those matters.

**III.    Hall cannot testify about the strengths or weaknesses of legal arguments that were made by the parties in the underlying case.**

As a lay witness, Hall cannot testify about the strengths or weaknesses of any legal arguments that were made by the parties in the underlying case. In *Mirowski Family Ventures, LLC v. Boston Sci. Corp.,* attorney Peter Gafner, who served as in-house counsel for Boston

Scientific, was disclosed as a lay witness. 2013 WL 432500 (S.D. Ind. Feb. 4, 2013). Among other things, Gafner worked on all intellectual property litigation for Boston Scientific and analyzed the litigation that had been brought into Boston Scientific as part of a merger. *Id*. at *1. The court held that under Rule 701, Gafner could not testify about, *inter alia*, the value of litigations because Gafner's opinions on the subject is "informed by his specialized knowledge as an attorney, and therefore are inadmissible as lay witness opinion testimony." *Id*. Similarly, any testimony Hall would offer in this case about the strengths and weaknesses of the legal arguments made by the parties in the underlying case would be informed by his specialized knowledge as an attorney and, therefore, is inadmissible lay witness testimony under Rule 701.

As a lay witness, Hall's testimony must be limited to explaining what he did on behalf of SBD Trademark and SBD LLC in the underlying case and must be rationally based on his personal knowledge of representing SBD Trademark and SBD LLC. Hall may not render legal conclusions or provide legal opinions. *See Mirowski Family Ventures*, 2013 WL 432500 at *2 (finding that in-house counsel who was not disclosed as an expert witness, "can testify as to what he did – that is the core of fact [i.e. lay witness] testimony"); *In re Hampton*, 519 B.R. 483, 487 (Bankr. M.D. La. 2014) (finding that the statements in the attorney's affidavit are within the ambit of lay witness testimony because the attorney merely was explaining his client's approach to defending the lawsuit, his testimony was rationally based on his experience handling the claim for his client, and the attorney's affidavit does not usurp the role of the finder of fact.).

**WHEREFORE**, ECI respectfully requests that the Court enter an order *in limine* which: (1) prohibits Hall from offering expert opinions or bolstering or contradicting testimony offered by the testifying experts; (2) prohibits Hall from testifying about the appropriate standard of care

Case No.: 0:15-cv-62703-BB

or breach thereof; and (3) prohibits Hall from testifying about the strength or weakness of legal arguments made by parties in the underlying case.

## Certificate of Counsel

Pursuant to Local Rule 7.1(a)(3) of this Court, undersigned counsel for ECI conferred with counsel for A&L, Loren Cohen, Esq., by email and telephone conference on January 24, 2017. Mr. Cohen stated that A&L is calling Hall as a lay witness, rather than as an expert witness and that A&L does not intend to seek expert testimony from Hall. Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted,

**SOLOWSKY & ALLEN, P.L.**
Attorneys for Defendant/Counter-
 Plaintiff
ETKIN & COMPANY, INCORPORATED
915 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No. (305) 371-2223
Facsimile No. (305) 373-2073


s/ Richard L. Allen_____
RICHARD L. ALLEN
Florida Bar No. 295485
Email: rallen@salawmiami.com

Case No.: 0:15-cv-62703-BB

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of January, 2017, I electronically filed the foregoing Motion *in Limine* to Limit Testimony of Andrew C. Hall, Esq. with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        s/ Richard L. Allen
        RICHARD L. ALLEN

Case No.: 0:15-cv-62703-BB

## SERVICE LIST

| | |
|---|---|
| ALAN POPPE, ESQ.<br>FRANKLIN L. ZEMEL, ESQ.<br>Arnstein & Lehr LLP<br>200 East Las Olas Boulevard, Suite 1000<br>Fort Lauderdale, Florida 33301<br>Telephone No. (954) 713-7610<br>Facsimile No. (954) 713-7700<br>Email: apoppe@arnstein.com<br>Email: franklin.zemel@arnstein.com<br>Attorneys for Plaintiff; Party Name: ARNSTEIN & LEHR LLP | |
| LOREN H. COHEN, ESQ.<br>ISAAC J. MITRANI, ESQ.<br>Mitrani, Rynor, Adamsky & Toland, P.A.<br>301 Arthur Godfrey Road, Penthouse<br>Miami Beach, Florida 33140<br>Telephone No. (305) 358-0050<br>Facsimile No. (305) 358-0550<br>Email: lcohen@mitrani.com<br>Email: imitrani@mitrani.com<br>Email: ctenn@mitrani.com<br>Email: miamidocketing@mitrani.com<br>*Attorneys for Counter-Defendant, Party Name: ARNSTEIN & LEHR LLP, As to the Counterclaim Only* | JOHN A. TURNER, ESQ.<br>Arnstein & Lehr LLP<br>515 N. Flagler Drive, Suite 1400<br>West Palm Beach, Florida 33401<br>Telephone No. (561) 833-9800<br>Email: jaturner@arnstein.com<br>Email: lkdunne@arnstein.com<br>Email: WPB-ctdocs@arnstein.com<br>Attorneys for Plaintiff<br>Party Name: ARNSTEIN & LEHR LLP |